IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RAY JEFFERSON CROMARTIE,  :
:
          Petitioner,  :
:
VS.  :
:   CIVIL ACTION NO. 7:14-CV-39 (MTT)
WARDEN, GEORGIA DIAGNOSTIC  :
AND CLASSIFICTION PRISON  :
:
          Respondent.  :

# ORDER

Petitioner, **RAY JEFFERSON CROMARTIE**, has filed a Motion for Appointment of Counsel pursuant to 18 U.S.C. § 3599.  (Doc. 3).

## I. PROCEDURAL HISTORY

Petitioner filed his motion for appointment of counsel along with his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  (Docs 1, 3).  According to his federal habeas corpus petition, on September 26, 1997, Petitioner was convicted of one court of malice murder, one court of armed robbery, one count of aggravated battery, and three counts of possession of a firearm during the commission of a crime in the Superior Court of Thomas County.  (Doc. 1 at 6).  On October 1, 1997, he was sentenced to death on the charge of malice murder.  (Doc. 1 at 6).  In addition to the death sentence, Petitioner received consecutive sentences life imprisonment for armed robbery; 20 years for aggravated battery; and 5 years for each count of possession of a firearm during the commission of a crime.  (Doc. 1 at 6).

Petitioner appealed and the Supreme Court of Georgia affirmed his conviction and sentence on March 8, 1999 and denied his motion for reconsideration on April 2, 1999.

*Cromartie v. State*, 270 Ga. 780, 514 S.E.2d 205 (1999).   (Doc. 1 at 7).

Following a denial of certiorari by the United States Supreme Court on November 1, 1999, Petitioner filed a habeas corpus petition in the Butts County Superior Court on May 5, 2000.   The Court denied the writ as to Petitioner's conviction and sentence on February 9, 2012.   (Doc. 1 at 7).

Petitioner applied to the Georgia Supreme Court for an extension of time in which to file his Application for a Certificate of Probable Cause to Appeal.   The court granted the extension on March 2, 2012.   (Doc. 1 at 8).

On March 8, 2012, Gary Young, one of Petitioner's codefendants who testified against Petitioner at his trial, provided new sworn testimony relating to the case, including an admission that he testified falsely at Petitioner's trial.   (Doc. 1 at 8).   Petitioner immediately filed an emergency motion in the Georgia Supreme Court, requesting to extend the time in which to file his notice of appeal.   On March 9, 2012, the Georgia Supreme Court granted 30-day extension.   (Doc. 1 at 8-9).

On March 13, 2012, Petitioner filed an emergency motion in the Superior Court of Butts County requesting the habeas court to vacate, set aside, and/or reconsider its final order in light of Young's March 8, 2012 testimony.   (Doc. 1 at 9).   Respondent requested the habeas court to reopen the discovery period to allow him to depose Young.   (Doc. 1 at 9).   On March 16, 2012, the Superior Court of Butts County ruled that it would not vacate or set aside its final order, but it would allow the parties to depose Young and would reconsider the final order.   (Doc. 1 at 9).   On March 22, 2012, a video deposition of Young took place and the parties briefed the impact of Young's 2012 testimony on this case.   (Doc. 1 at 9).

Because his emergency motion for reconsideration filed in the Superior Court of Butts County did not toll the time for filing a notice of appeal, Petitioner filed a notice of appeal with the Georgia Supreme Court on April 9, 2012.  (Doc. 1 at 9).

On April 26, 2012, the Superior Court of Butts County denied Petitioner's emergency motion for reconsideration.  (Doc. 1 at 10).

On October 1, 2012, on suggestion of the parties, the Georgia Supreme Court remanded jurisdiction back of the Superior Court of Butts County.  On October 9, 2012, the Superior Court of Butts County re-entered its April 26, 2012 order denying Petitioner's emergency motion for reconsideration.  (Doc. 1 at 10).

Petitioner filed a notice of appeal on October 26, 2012 and an application for certificate of probable cause to appeal in the Georgia Supreme Court on November 8, 2012.  (Doc. 1 at 10).  The Georgia Supreme Court denied the application on September 9, 2013.  (Doc. 1 at 10).

Petitioner's petition for writ of certiorari, filed on February 5, 2014, is still pending in the United States Supreme Court.

On March 20, 2014, Petitioner filed his federal habeas petition in this Court.  (Doc. 1).

## II.  APPOINTMENT OF COUNSEL

18 U.S.C. § 3599(a)(2) provides as follows:

In any post conviction proceeding under section 2254 or 2255 of Title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsection (b) through (f).

In this case, Petitioner has filed a Motion for Appointment of Counsel, Motion for Leave to Proceed *In Forma Pauperis*,[1] and a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  Petitioner's filings show that he is "financially unable to obtain adequate representation."  *Id.*  Under these circumstances, Petitioner is entitled to appointment of counsel.

The Court must next determine whether 18 U.S.C. § 3599 permits it to appoint Petitioner's requested counsel–Brian Kammer, who is the Executive Director of the Georgia Appellate Practice and Education Resource Center ("Georgia Resource Center").  Because of the seriousness of the death penalty and the unique and complex nature of this kind of litigation, counsel must have a certain level of experience before being eligible for appointment under § 3599.  For post-judgment appointments, as in this case, "at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases."  18 U.S.C. § 3599(c).  Based on the affidavit submitted by Kammer, it appears that he has the appropriate experience to qualify for appointment under § 3599(c).  Moreover, it appears that Kammer is familiar with the facts and procedural history of Petitioner's case because the Georgia Resource Center has represented Petitioner since 2000.  Therefore, Petitioner's Motion for Appointment of Counsel is **GRANTED**.

The next issue that must be determined is the rate at which counsel will be compensated.  The Administrative Office of the United States Courts has approved

---

[1] To the extent Petitioner seeks leave to proceed without prepayment of the filing fee, his motion to proceed *in forma pauperis* is moot because he paid the $5.00 filing fee.  However, the Court has reviewed Petitioner's account statement from the Georgia Department of Corrections and has determined that, although he paid the $5.00 filing fee, he is "financially unable to obtain adequate representation."  18 U.S.C. § 3599(a)(2).

$180.00 an hour, for both in-court and out-of-court time.   Therefore, the Court finds that it is appropriate to compensate Kammer at a rate of $180.00 per hour.

Counsel is reminded that he may obtain investigative, expert, or other services that are reasonably necessary for his representation of Petitioner; but he must obtain prior approval from the Court for such services.   18 U.S.C. § 3599(f).   Ex parte requests for payment of fees and expenses under § 3599(f) may not be considered unless Petitioner makes a proper showing of the need for confidentiality.   *Id.*   Fees and expenses for such services are limited to $7,500.00 unless the Court certifies that a larger amount is necessary and the Chief Judge of the Eleventh Circuit approves the larger amount.   *See* 18 U.S.C § 3599(g)(2).

The following procedures for interim payments and reimbursement of expenses shall apply during the course of this case:

A.   Submission of Vouchers

Counsel shall submit to the Clerk's Office in Macon, Georgia, once every month, an interim voucher on CJA Form 30, "Death Penalty Proceedings:   Appointment of and Authority to Pay Court Appointed Counsel."   Compensation earned and reimbursable fees and expenses incurred for each calendar month shall be claimed on an interim voucher submitted no later than the fifth day of each subsequent month, or the first business day thereafter if the fifth day of the month is a Saturday, Sunday, or holiday. Each interim voucher shall be numbered sequentially and shall include the time period covered.   Interim vouchers shall be submitted in accordance with this schedule and procedure even if little or no compensation, fees, or expenses are claimed for the time period covered.   All interim vouchers shall be supported by detailed and itemized statements of time expended and fees and expenses incurred.

After an interim voucher is submitted to the Clerk's Office in Macon, Georgia, the Deputy Clerk assigned to this case will submit it to the Court for approval. The Court will then review the voucher, particularly the amount of time claimed, and will authorize compensation for the approved number of hours and for all reimbursable fees and expenses reasonably incurred. The Court will endeavor to review and act on each voucher within 30 days of submission.

At the conclusion of the representation, counsel shall submit a final voucher for payment of time expended and fees and expenses incurred during the final interim time period. The final voucher shall also set forth in detail, with supporting documentation, the time expended and fees and expenses incurred for the entire case. The final voucher shall also reflect all compensation and reimbursement previously received on the appropriate line of the form.

      B.    <u>Reimbursable Out-of-Pocket Expenses</u>

Counsel may be reimbursed for out-of-pocket expenses (not including fees or expenses relating to investigative, expert, or other services that are reasonably necessary for the representation) reasonably incurred during the representation. Although neither § 3599 nor the applicable rules and regulations limit the amount of out-of-pocket expenses that may be incurred, counsel should not incur a single out-of-pocket expense in excess of $500.00 without prior approval of the Court. Approval may be sought by filing an ex parte application with the Court stating (1) the nature of the expense, (2) the estimated cost, and (3) the reason the expense is necessary to the representation. Recurring out-of-pocket expenses, such as the cost of telephone toll calls, telegrams, photocopies, facsimiles, and photographs, that total more than $500.00 on one or more interim vouchers are not considered single expenses

requiring prior approval of the Court.

With respect to travel outside Atlanta for the purposes of consulting with Petitioner or his former counsel, interviewing witnesses, etc., the $500.00 rule shall be applied in the following manner:  Travel expenses, such as airfare, mileage, parking fees, meals, and lodging, may be claimed as itemized expenses.  Therefore, if the total out-of-pocket expenses for a single trip will exceed $500.00, the travel shall require prior approval of the Court.  Case-related travel by privately owned automobile shall be claimed at the rate authorized by the government for business-related travel by federal judiciary employees, plus parking fees, ferry fares, and bridge, road, and tunnel tolls.  For information regarding the current mileage rate for federal judiciary employees, counsel should consult the Clerk's Office in Macon, Georgia.  Transportation other than by privately owned automobile should be claimed on an actual-expense basis.  First-class air travel is prohibited.

Actual expenses incurred for meals and lodging while traveling outside Atlanta, Georgia for case-related purposes must conform to the prevailing limitations placed upon travel and subsistence expenses for federal judiciary employees in accordance with existing government travel regulations.  For information regarding per diem rates for federal judiciary employees, as well as for specific details concerning high-cost areas, counsel should consult the Clerk's Office in Macon, Georgia.

The cost of telephone toll calls, telegrams, photocopies, facsimiles, and photographs may be reimbursable out-of-pocket expenses if they are reasonably incurred.  However, general office overhead (such as rent, secretarial assistance, and telephone service) is not reimbursable; nor are items of a personal nature.

Finally, expenses for service of subpoenas on fact witnesses are not reimbursable out-of-pocket expenses and should not be included on any voucher.  Instead, such expenses will be paid by the United States Marshals Service, but only upon prior approval by the Court.   Payment of such expenses shall be governed by 28 U.S.C. § 1825.

**SO ORDERED**, this 24th day of March, 2014.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT