IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RAY JEFFERSON CROMARTIE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | CIVIL ACTION NO. 7:14-CV-39 (MTT) |
| WARDEN, GEORGIA DIAGNOSTIC AND CLASSIFICTION PRISON, | : | |
| | : | |
| Respondent. | : | |

## ORDER

Pending before the Court are Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely and Motion to Vacate Show Cause Order. (Docs. 9-10).

On March 20, 2014, Petitioner, Ray Jefferson Cromartie, filed a petition for writ of habeas corpus in this Court along with a motion for appointment of counsel and a motion to proceed *in forma pauperis*. (Docs. 1-3). Because it did not "plainly appear[] from the face of the petition" that it could be summarily dismissed, the Court ordered Respondent to file an answer that, *inter alia*, raised any defenses, including the statute of limitations. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"); Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 5"); (Doc. 7).

Instead of filing an Answer, Respondent has filed a pre-answer motion to dismiss the petition as untimely. (Doc. 9). Respondent requests the Court to vacate its March 24, 2014 Order because

> [u]nder § 2254(d)(2), federal habeas petitions are routinely held to be time-barred without ruling on the merits of the federal habeas petition…..

> Consequently, Respondent respectfully requests that this Court vacate its premature entry of a show cause order until a ruling has issued on Respondent's motion to dismiss Petitioner's petition for writ of habeas corpus as untimely.

(Doc. 10 at 2).

Procedurally, Respondent's motion mostly gets it wrong. Under Rule 4 and Rule 5, the Court's March 24, 2014 Order requiring Respondent to answer the habeas petition was not a "show cause order," nor was it "premature." (Doc. 10 at 2). While the Court has discretion to allow Respondent to file a motion to dismiss in lieu of an answer, there is no requirement that the Court do so, and there certainly is no requirement that the Court somehow divine that a Respondent wants to file a motion.[1] The Advisory Committee Notes to Rule 5 (2004 Amendment) provide as follows:

> Revised Rule 5(a), which provides that the respondent is not required to file an answer to the petition, unless a judge so orders, is taken from current rule 3(b). The revised rule does not address the practice in some districts, where the respondent files a pre-answer motion to dismiss the petition. But revised Rule 4 permits that practice and reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion.

The Court realizes that Respondent would like to avoid the necessity of filing an answer on the substantive merits of the petition and filing the voluminous records required by Rule 5. The Court also recognizes that if the petition is time-barred, such responses and records will not be necessary.

Therefore, the Court treats Respondent's motion to vacate as a motion requesting the Court to consider the merits of his motion to dismiss before requiring compliance with the Court's March 24, 2014 Order. The Court **GRANTS** this request. Until further order

---

[1] This is true even though the Court had detected the potential problem raised by the Respondent's motion. Again, it is not for the Court to anticipate a Respondent's strategy, particularly here where the Petitioner has raised an actual innocence claim.

from the Court, Respondent is not required to file an answer or file the records required by Rule 5.

Petitioner is **ORDERED** to respond to Respondent's motion to dismiss by May 2, 2014.

**SO ORDERED**, this 2nd day of April, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
