IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RAY JEFFERSON CROMARTIE,  :
:
            Petitioner,  :
:
VS.  :
:  CIVIL ACTION NO. 7:14-CV-39 (MTT)
WARDEN, GEORGIA DIAGNOSTIC  :
AND CLASSIFICATION PRISON,  :
:
           Respondent.  :

## **ORDER**

On December 29, 2014, the Court denied Respondent's motion to dismiss Petitioner's federal habeas petition as untimely. (Doc. 42). Respondent has filed a motion requesting permission to pursue an interlocutory appeal of this Order under 28 U.S.C. § 1292(b).

Section 1292(b) provides a means of appealing from interlocutory orders that are otherwise not appealable:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals … may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. §1292(b).

Respondent argues that the December 29, 2014 "[O]rder draws legal conclusions that involve 'substantial ground[s] for difference of opinion.'" (Doc. 45 at 5) (quoting 28

U.S.C. 1929(b)).  The "legal conclusion[]" to which Respondent refers is the Court's finding that Georgia law "is clear—an appeal is pending until 'the appellate court has issued the remittitur and it has been received and filed in the clerk's office of the court below.'"  (Doc. 42 at 1) (quoting *Day v. Chatman*, 130 F. App'x 349, 350 (11th Cir. 2005)).[1]  Respondent states that he was "unable to find a single district court case that considered the filing date of the remittitur in the lower court in determining the final resolution date of state habeas appeal."  (Doc. 45 at 9).  Citing 16 cases from district courts in Georgia, Respondent argues that "in all cases where the date of final resolution of a state habeas appeal was determined to be of importance, the district court used the date the Georgia Supreme Court denied the CPC application, not the date the remittitur was filed in the state court below."  (Doc. 45 at 5-6).  According to Respondent, since this Court's opinion is at odds with the other Georgia district courts, there exists a "'substantial ground[s] for difference of opinion'" on this issue.  (Doc. 45 at 7) (quoting 28 U.S.C. 1292(b)).

The 16 cases cited by Respondent involved *pro se* habeas petitioners who did not raise the issue of when their habeas petitions stopped pending in the state courts.  Therefore, this particular issue was not actually litigated in any of these cases.  Also, Respondent continues to overlook *Day,* in which the Eleventh Circuit clearly stated that a habeas petitioner's state habeas petition was pending, and AEDPA's statute of limitations was tolled, "until the trial court received the Georgia Supreme Court's remittitur."  130 F. App'x 349, 351 (11th Cir. 2005).

---

[1] Based on this, the Court found that Cromartie's state habeas petition was pending, and the statute of limitations was tolled under 28 U.S.C. § 2244(d)(2), until the trial court received the remittitur following the Georgia Supreme Court's denial of his application for a certificate of probable cause to appeal ("CPC application") and, therefore, Cromartie's federal habeas petition was timely filed.  (Doc. 42).

Respondent also claims that "an immediate appeal may materially advance the litigation's end." (Doc. 45 at 7). Respondent argues that should the Eleventh Circuit find Petitioner's federal habeas petition time-barred, the interlocutory appeal would terminate the litigation. (Doc. 45 at 7). Not so, the focus of the case would then turn to Petitioner's contentions that he is entitled to equitable tolling and that some of his claims have different trigger dates. (Doc . 37 at 5, 17-19). The protracted litigation in *Holland v. Florida* illustrates that the simple determination that a petitioner missed the statute of limitations does not lead to a swift end to litigation. 560 U.S. 631 (2010). Holland filed his federal habeas petition on January 24, 2006 and on April 27, 2007, the district court dismissed the petition as time-barred. *Holland v. Florida*, 1:06-CV-20182-PAS (S.D. Fla. April 27, 2007). Holland appealed and on August 8, 2009, the Eleventh Circuit agreed that Holland's petition was time-barred. *Holland v. Florida*, 539 F.3d 1334 (11th Cir. 2008), *rev'd*, 560 U.S. 631 (2010). The Supreme Court granted certiorari and on June 14, 2010 reversed and remanded the case to the Eleventh Circuit, which in turn remanded the case to the district court on August 3, 2010. *Holland v. Florida*, 613 F.3d 1053 (11th Cir 2010). On November 22, 2010, the district court found that equitable tolling of the statute of limitations period was appropriate. *Holland v. Florida*, 1:06-CV-20182-PAS (S.D. Fla. November 22, 2010). On April 3, 2012, the district court granted Holland's habeas petition in part, and denied it in part. *Holland v. Tucker*, 854 F. Supp.2d 1229 (S.D. Fla. 2012). A second appeal followed and the Eleventh Circuit recently reversed the district court's grant of habeas relief. *Holland v. Florida*, 2014 WL 7359860 (11th Cir. Dec. 29, 2014). Almost certainly, Holland will file a petition for certiorari with the United States Supreme Court and his federal habeas action, which began nine years ago, will continue.

"The finality requirement of 28 U.S.C. § 1291 embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *U.S. v. Nixon*, 418 U.S. 683, 690 (1974) (citing *Cobbledick v. U.S.,* 309 U.S. 323, 324-26 (1940)). In a different context, the Eleventh Circuit has expressed its "deep concern over the piecemeal litigation of federal habeas petitions filed by state prisoners."[2] *Clisby v. Jones*, 960 F.2d 925, 935 (11th Cir. 1992). Taking all of this into consideration, the Court finds it would serve judicial economy to consider the merits of Cromartie's habeas claims at this time as opposed to granting an interlocutory appeal on the issue of timeliness.

Therefore, **IT IS HEREBY ORDERED** that Respondent's motion to certify order for interlocutory appeal is (Doc. 45) is **DENIED**.

**SO ORDERED**, this 16th day of January, 2015.

        S/ Marc T. Treadwell
        MARC T. TREADWELL, JUDGE
        UNITED STATES DISTRICT COURT

---

[2] The "piecemeal litigation" addressed in *Clisby* was the district court's failure to resolve all of the claims in the case. *Clisby v. Jones*, 960 F.2d 925, 935-39 (11th Cir. 1992).