IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| RAY JEFFERSON CROMARTIE, : <br> : <br> Petitioner, : <br> : <br> VS. : <br> : CIVIL ACTION NO. 7:14-CV-39 (MTT) <br> WARDEN, GEORGIA DIAGNOSTIC : <br> AND CLASSIFICATION PRISON, : <br> : <br> Respondent. : | |

### ORDER

Petitioner **RAY JEFFERSON CROMARTIE** has moved the Court to suspend the briefing schedule in this case pending the Eleventh Circuit's resolution of Respondent's application for interlocutory appeal (Doc. 47) or alternatively grant him a 60-day extension of time in which to file his amended habeas petition (Doc. 48). For reasons discussed below, the Court denies Petitioner's motion to suspend the briefing schedule (Doc. 47), but grants his motion for an extension of time (Doc. 48).

On December 29, 2014, the Court denied Respondent's motion to dismiss Petitioner's habeas corpus petition as untimely. (Docs. 9, 42). Respondent moved the Court to certify the December 29 Order for interlocutory appeal (Doc. 45) and the Court denied the motion (Doc. 46). Respondent petitioned the Eleventh Circuit for permission to appeal the December 29 Order. *Chatman v. Cromartie*, No. 15-90001 (11th Cir. Jan. 26, 2015). Petitioner responded, requesting that the Eleventh Circuit deny Respondent's petition for interlocutory appeal. *Chatman v. Cromartie*, No. 15-90001 (11th Cir. Feb. 4, 2015). This action remains pending in the Eleventh Circuit.

Under 28 U.S.C. § 1292(b), an application to the court of appeals requesting

permission to appeal an interlocutory order "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." A stay, or indefinite suspension of the briefing schedule, is not appropriate in this case for two reasons. First, under § 1292(b), the district court must certify a nonfinal order for interlocutory appeal before the court of appeals may consider an application for permission to file an interlocutory appeal. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978) ("Nonfinal orders could never be appealed as a matter of right. Moreover, the discretionary power to permit an interlocutory appeal is not, in the first instance, vested in the courts of appeals. A party seeking review of a nonfinal order **must first** obtain the consent of the trial judge.") (emphasis added); *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals."); *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1253 (11th Cir. 2004) (explaining that in order for the court of appeals to have jurisdiction, the district court must certify in writing that the requirements of §1291(b) have been met). This Court declined to certify its December 24 Order for interlocutory appeal. Thus, it does not appear that the Eleventh Circuit has "discretion to exercise appellate jurisdiction now instead of waiting until after final judgment." *McFarlin*, 381 F.3d at 1255. Given this, the Court sees no reason to stay the proceedings in this Court.

Second, one of the primary purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA") was to "speed the federal habeas process." *Breedlove v. Moore*, 279 F.3d 952, 959 (11th Cir. 2002); *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) ("Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases."). To indefinitely stay these proceedings would frustrate this objective.

For these reasons, the Court **DENIES** Petitioner's motion to suspend the briefing schedule in this case.   (Doc. 47).

In the alternative, Petitioner requests a 60-day extension to file his amended habeas petition so that he may adequately investigate and raise any issues potentially available under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S Ct. 1911 (2013).   Petitioner has shown good cause for the extension.

Therefore, the Court **GRANTS** Petitioner's motion for a 60-day extension to file his amended habeas petition and his amended petition will be due on or before June 5, 2015. Respondent will have until July 5, 2015 to file his answer, which must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will have until September 3, 2015 to brief all claims, issues, and arguments he wishes the Court to consider, and to seek discovery and/or an evidentiary hearing. Respondent shall have until November 2, 2015 to file a response and Petitioner will have until December 3, 2015 to file his reply.[1]

**SO ORDERED**, this 12th day of March, 2014.

                           S/ Marc T. Treadwell
                           MARC T. TREADWELL, JUDGE
                           UNITED STATES DISTRICT COURT

---

[1] While the due dates have changed, the parties should still follow all other instructions contained in the Court's January 6, 2015 Scheduling Order.   (Doc. 44).