IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| RAY JEFFERSON CROMARTIE, : | |
| : | |
| Petitioner, : | |
| : | |
| VS. : | |
| : | CIVIL ACTION NO. 7:14-CV-39 (MTT) |
| WARDEN, GEORGIA DIAGNOSTIC : | |
| AND CLASSIFICATION PRISON, : | |
| : | |
| Respondent. : | |

**ORDER**

Petitioner has moved for an order directing the Georgia Diagnostic and Classification Prison to permit three mental health experts access to him for the purpose of conducting mental health examinations, evaluations, and testing. (Doc. 50). The testing allegedly will enable Petitioner to adequately investigate and raise, in his amended federal habeas petition, any issues potentially available under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). (Doc. 50 at 2). Respondent opposes the grant of access on the grounds that Petitioner has not shown "good cause" for discovery as required under Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 6"). (Doc. 53).

Respondent's basic argument is access should be denied because it is pointless. Specifically, Respondent first argues that Petitioner could not possibly raise any issues under *Martinez* and *Trevino* because these cases do not apply in Georgia. (Doc. 53 at 2-12). While it is seems clear *Martinez* does not apply in Georgia, the Eleventh Circuit has yet to decide whether *Trevino* would allow a successful ineffective assistance of state habeas counsel claim to overcome the procedural default of an ineffective assistance of

trial counsel claim in Georgia.  *Hittson v. GDCP Warden*, 759 F.3d 1210, 1262 (11th Cir. 2014) (explaining that the Court leaves "for another day" the question of *Trevino's* actual application in Georgia).   More importantly, this argument, as well as others made by Respondent, is premature at this stage in the litigation.

Second, Respondent argues that even if *Martinez* and *Trevino* apply, Petitioner still has not shown good cause for discovery under Rule 6 because his ineffective assistance of counsel claims are meritless.   Respondent asserts that both trial and state habeas counsel were experienced, both had Petitioner examined by mental health experts, trial counsel strategically chose not to present mental health evidence during the sentencing phase of the trial, and state habeas counsel strategically chose not to raise a claim of ineffective assistance based on trial counsel's failure to present such evidence. (Doc. 53 at 13-23).   All of this may be true.   However, unless and until Petitioner seeks to present state habeas counsel's ineffectiveness to overcome the procedural default of an ineffective assistance of trial counsel claim, all of these arguments are premature.

Simply put, at this time, the Court sees no reason to deny Petitioner access to his own experts.[1]

Therefore, **IT IS HEREBY ORDERED** that Petitioner's motion for access to Petitioner for expert evaluations (Doc. 50) is **GRANTED**.

---

[1] Respondent states that Petitioner's request for access "will undoubtedly be accompanied by a request for federal funds."  (Doc. 53 at 13).   Not so.   Petitioner has not sought appointment of experts and, therefore, this Court is not authorizing Petitioner's counsel to obtain mental health expert services under 18 U.S.C. § 3599.   Because the Court has not been requested to authorize expert services, there is no need for the Court to determine if mental health expert services "are reasonably necessary for the representation of" Petitioner.   18 U.S.C. § 3599(f).   All Petitioner seeks, and all this grants, is an Order allowing Petitioner's privately-retained experts to meet with him.

-3-

**SO ORDERED**, this 24th day of April, 2015.

                          <u>S/ Marc T. Treadwell</u>
                          MARC T. TREADWELL
                          UNITED STATES DISTRICT COURT